Smith Trading Company *v.* Parker.

Opinion delivered April 23, 1928.

*White & White,* for appellant.

*Cochran & Arnett,* for appellee.

McHANEY, J.   Appellee brought this action against appellant to recover $134.75, balance due on a note secured by chattel mortgage on five bales of cotton given him by one Simmons.   It appears that two bales of the cotton covered by the mortgage were sold to appellant, and three bales were sold to one Crenshaw.   Separate suits were brought against both purchasers, consolidated, and recovery had against appellant in the sum of $67, and a similar verdict and judgment against Crenshaw.

This appeal challenges the sufficiency of the evidence to sustain the verdict and judgment and instructions Nos. 1 and 2 given by the court.   It is not disputed that appellee had a mortgage on the five bales of cotton in question, and it is not disputed that appellant purchased two bales of this cotton at a time when this mortgage was of record.   It further appears that the appellee foreclosed his mortgage against Simmons on the remainder of the personal property covered by the mortgage, and applied the proceeds of the sale thereof to the payment of the $500 note which it secured, leaving a balance of $134 due thereon.   It is contended by appellant, however, that Simmons gave appellee a mortgage for $200 on certain real estate in satisfaction of the balance due on this $500.   Appellee admits that he took a $200 second mortgage on real estate, but that it was not in satisfaction of his indebtedness to him, but merely as additional collateral for the loan already in existence. Appellant also contends that appellee had given Simmons permission to sell the cotton.   These questions were wholly within the province of the jury, and were sub-

mitted to it by the court under the instructions complained of.

A careful examination of the testimony convinces us that the case was properly submitted to the jury under the two instructions complained of, and that there was a question for the jury. We have examined the instructions, and find them to be correct statements of the law. Moreover, according to appellant's abstract and brief, it made no objection to either instruction. Counsel for appellant has apparently raised objections to the instructions for the first time in the motion for a new trial, in this language: ''That the court erred and committed separate and several errors in giving each instruction of its own motion.''

No objections having been made to the instructions when given, and no exceptions saved, the above general assignment of error cannot be relied upon for a reversal of the case. We find no error, and the judgment is affirmed.